**1901 COLLINS CORP. v. SOUTHERN BELL TEL. CO., et al.**

Circuit Court, Dade County.

December 21, 1954.

146

Burnett Roth, Miami Beach, for plaintiff.

John H. Wahl, Jr., of Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for the telephone company.

Richard W. Ervin, attorney general, John C. Reed, George E. Owen and Mitchell M. Goldman, assistants, for the state.

MARSHALL C. WISEHEART, Circuit Judge.

This suit was instituted by plaintiff 1901 Collins Corp., leasehold owners and operators of the Shore Club Hotel, to enjoin the Southern Bell Tel. & Tel. Co. from removing certain customary telephone facilities under the provisions of chapter 365, Florida Statutes 1953, and to test the constitutionality of chapter 365 and section 561.291, Florida Statutes 1953.

On March 12, 1954 an assistant attorney general for the state of Florida wrote the telephone company directing it to terminate forthwith the telephone service it was furnishing the hotel because, as the letter stated, the service was being "used in violation of the laws of Florida, particularly the gambling laws." Upon receipt of the letter the company advised the hotel that it would discontinue service on March 17, 1954, as it was required to do by the provisions of chapter 365. This statute does not accord a telephone subscriber an opportunity to be heard on the charge of illegal use of his service in violation of the gambling laws before removal thereof, but requires that it be done summarily upon receipt by the company of a request to do so from a law enforcement officer, such as the letter received here by the company from the assistant attorney general. The statute does afford a hearing before the state Railroad & Public Utilities Commission, but by express provision thereof the hearing may be held only *after* service has been discontinued and is limited to the question of restoration

of service. It should be added that upon removal of a hotel operator's telephone service under the provisions of chapter 365 for use in violation of the gambling laws, *section 561.291 automatically provides for the suspension of the operator's hotel license during the period of termination of the service.* This is also accomplished without benefit of hearing.

The question here is simply whether 1901 Collins Corp. is entitled —under the due process clauses of section 12 of the declaration of rights of the Florida constitution and the 14th amendment to the federal constitution—to notice and an opportunity to be heard before it can be deprived of its telephone service and hotel license. This question has been thoroughly and ably briefed by the parties to this proceeding and the court has given it every consideration. I conclude that chapter 365 and section 561.291 are unconstitutional.

The eradication of gambling and its attendant evils is a salutary goal, but the constitutional safeguards accorded a citizen to notice and hearing before the taking of his property and right to engage in business cannot be encroached upon in the state's zeal to reach this goal. The irreparable injury which would be occasioned a business man by summary suspension of his telephone service *and right to engage in business,* should it subsequently develop at the hearing before the Railroad & Public Utilities Commission that the removal was wrongful, is readily apparent. For example, were a law enforcement officer to suspect that an employee of a newspaper was using its telephone service for gambling purposes, he could direct its removal forthwith. The damage which would be done by the loss of this source for the gathering and dissemination of news pending the newspaper's hearing before the commission need not be elaborated upon. And for this injury the newspaper would be afforded no recourse, for section 365.13 specifically exempts the telephone company from liability "for any damages or penalties, civil or criminal," for discontinuance of one's telephone service— and relief may not be obtained from the state. The slight delay and inconvenience which might be occasioned by granting notice and hearing to a subscriber before termination of his service can hardly justify the irretrievable injury which can be inflicted upon an innocent subscriber by summary suspension of his service without an opportunity to be heard under the powers now granted law enforcement officers by chapter 365. The avenues for abuse of this power are manifold.

The attorney general and counsel for the telephone company have argued before this court that the final hearing accorded plaintiff in these proceedings cured any constitutional infirmities as to notice and hearing which may inhere in chapter 365 and section

561.291. I cannot share this opinion. The hearing on the merits which plaintiff finally succeeded in obtaining here by way of injunction proceedings was one of grace which it was in the discretion of the court to grant or refuse. This was not a hearing of right guaranteed by statute to all alike. This was but an indefinite right of review which might have been denied plaintiff—as such it fails to satisfy the requirements of due process.

It is accordingly ordered, adjudged and decreed that—(1) Chapter 365 and section 561.291, Florida Statutes 1953, as applied to customary telephone subscribers such as plaintiff, violate the due process clauses of section 12 of the declaration of rights of the Florida constitution and the 14th amendment to the federal constitution, and are invalid. (2) The defendant Southern Bell Tel. & Tel. Co. is permanently enjoined from taking any action against customary telephone subscribers such as plaintiff under chapter 365, Florida Statutes 1953. (3) Richard W. Ervin, as attorney general of the state of Florida, and his successors in office, are permanently enjoined from taking any action against customary telephone subscribers under chapter 365, Florida Statutes 1953. (4) Joe H. Adams, as Florida state hotel commissioner, and his successors in office, are permanently enjoined from taking any action against customary telephone subscribers such as plaintiff under section 561.291, Florida Statutes 1953. (5) Plaintiff and its surety on the injunction bond heretofore posted herein are released and discharged from any and all liability to defendants on the bond, and the bond is canceled. (6) The court retains jurisdiction hereof for the purpose of assessing costs.